UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| ELI LILLY AND COMPANY, | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 1:09-cv-87-DFH-TAB |
| | ) | |
| INVAGEN PHARMACEUTICALS, INC., | ) | |
| Defendant. | ) | |

**ORDER ON MOTION FOR PROTECTIVE ORDER**

This matter is before the Court on Defendant InvaGen Pharmaceuticals' motion for a protective order limiting third-party jurisdictional discovery. For the reasons set forth below, InvaGen's motion [Docket No. 67] is granted in part and denied in part.

InvaGen has moved to dismiss this patent infringement case for lack of personal jurisdiction. [Docket No. 23.] During jurisdictional discovery, Plaintiff Eli Lilly and Company apparently received over 46,000 pages of documents from InvaGen and deposed three persons, including InvaGen's president and a Rule 30(b)(6) designee. [Docket No. 67 at 5.] Lilly now seeks discovery from fifteen InvaGen marketing partners and apparently eighteen customers of those marketing partners. [Docket No. 49 at 7; Docket No. 67 at 6; Docket No. 77 at 5.] InvaGen has moved for a protective order limiting Lilly's third-party jurisdictional discovery to: (1) preclude discovery of its marketing partners' customers; (2) limit Lilly's third-party jurisdictional discovery to two of InvaGen's marketing partners; and (3) require Lilly to complete this discovery within two weeks of this order. [Docket No. 67 at 1–2.]

The parties' discovery positions bring to mind the case of *Myers v. The Prudential Insurance Co.*, 581 F. Supp. 2d 904, 913 (E.D. Tenn. 2008), in which the magistrate judge

stated:

> [The discovery rules do] not mean oceanic fishing expeditions will be permitted. Much of discovery is a fishing expedition of sorts, but the Federal Rules of Civil Procedure allow the Courts to determine the pond, the type of lure, and how long the parties can leave their lines in the water.

Lilly wants to sail a trawler through the Atlantic Ocean; InvaGen wants to send Lilly to a fishing hole for five minutes with a plastic worm. Neither party's proposed expedition is reasonable.

In the Court's view, a more reasonable approach is for Lilly to select and conduct third-party jurisdictional discovery on three of InvaGen's marketing partners in addition to those marketing partners from whom it has already received discovery.[1] If after that discovery Lilly believes additional discovery would be justified, it may request a status conference with the Magistrate Judge to discuss whether additional discovery will be permitted, presuming counsel cannot first resolve this issue among themselves. Lilly's discovery of InvaGen's marketing partners shall be conducted within 45 days of this order.

For the reasons discussed above, InvaGen's motion for protective order [Docket No. 67] is granted in part and denied in part.

Dated: 09/17/2009

_____

Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

---

[1] Lilly's argument that it is unreasonable to make Lilly choose which marketing partners will be relevant fails because Lilly has already identified some marketing partners who sell in Indiana. Lilly states that "some of InvaGen's marketing partners have replied to Lilly's discovery efforts with substantive responses that identify sales of InvaGen's products in Indiana . . . ." [Docket No. 77 at 4.] For example, Lilly already knows that InvaGen's marketing partner Glenmark sells both hydroxyzine hydrochloride and nabumetone in Indiana. [Docket No. 77 at 2.] Lilly does not state from how many marketing partners it has received discovery.

Copies to:

Stephen E. Arthur
HARRISON & MOBERLY
sarthur@h-mlaw.com

L. Scott Burwell
FINNEGAN HENDERSON FARABOW GARRETT & DUNNER, LLP
scott.burwell@finnegan.com

James T. Canfield
FINNEGAN HENDERSON FARABOW GARRETT & DUNNER LLP
james.canfield@finnegan.com

Jan M. Carroll
BARNES & THORNBURG LLP
jan.carroll@btlaw.com

Paul Joseph Carroll
HARRISON & MOBERLY
pcarroll@h-mlaw.com

Mark Jeremy Feldstein
FINNEGAN HENDERSON FARABOW GARRETT & DUNNER LLP
mark.feldstein@finnegan.com

David S. Forman
FINNEGAN HENDERSON FARABOW GARRETT & DUNNER, LLP
david.forman@finnegan.com

Mona Gupta
CAESAR RIVISE BERNSTEIN COHEN & POKOTILOW Ltd.
mgupta@crbcp.com

Charles Edmund Lipsey
FINNEGAN HENDERSON FARABOW GARRETT & DUNNER LLP
charles.lipsey@finnegan.com

Alissa Keely Lipton
FINNEGAN, HENDERSON, FARABOW, GARRETT, & DUNNER,LLP
alissa.lipton@finnegan.com

Laura P. Masurovsky
FINNEGAN HENDERSON FARABOW GARRETT & DUNNER, LLP
laura.masurovsky@finnegan.com

Robert Francis McCauley
FINNEGAN HENDERSON FARABOW GARRETT & DUNNER LLP
robert.mccauley@finnegan.com

Amy E. Purcell
FINNEGAN, HENDERSON, FARABOW GARRETT & DUNNER, L.L.P.
amy.purcell@finnegan.com

William Barrett Raich
FINNEGAN, HENDERSON, FARABOW, GARRETT & DUNNER LLP
william.raich@finnegan.com

David Williams Russell
HARRISON & MOBERLY
drussell@h-mlaw.com

Robert S. Silver
CAESAR RIVISE BERNSTEIN COHEN & POKOTILOW, LTD.
rssilver@crbcp.com

Robert W Stevenson
CAESAR RIVISE BERNSTEIN COHEN & POKOTILOW, LTD.
rstevenson@crbcp.com